**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ADAM FRANCHI, derivatively on behalf of CENTENE CORPORATION,

Plaintiff,

vs.

SARAH M. LONDON, JESSICA L. BLUME, KENNETH A. BURDICK, CHRISTOPHER J. COUGHLIN, H. JAMES DALLAS, WAYNE S. DEVEYDT, FREDERICK H. EPPINGER, MONTE E. FORD, THOMAS R. GRECO, LORI J. ROBINSON, THEODORE R. SAMUELS, KENNETH Y. TANJI, and ANDREW L. ASHER,

Defendants,

and

CENTENE CORPORATION,

Nominal Defendant.

Case No. 1:25-cv-06297-ALC

*[Additional captions on following pages]*

| | |
|---|---|
| JULIAN KEIPPEL, Derivatively on Behalf of Nominal Defendant CENTENE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SARAH M. LONDON, ANDREW L. ASHER, JESSICA L. BLUME, KENNETH A. BURDICK, CHRISTOPHER J. COUGHLIN, H. JAMES DALLAS, WAYNE S. DEVEYDT, FREDERICK H. EPPINGER, MONTE E. FORD, THOMAS R. GRECO, THEODORE R. SAMUELS, and KENNETH Y. TANJI,<br><br>Defendants,<br><br>and<br><br>CENTENE CORPORATION,<br><br>Nominal Defendant. | Case No. 1:25-cv-06737-ALC |

*[Additional caption on following page]*

| | |
|---|---|
| MARC SHIPON, DAVID SHIPON, JUDITH SHIPON, AND ELISA SHIPON-BLUM, Derivatively on Behalf of Nominal Defendant CENTENE CORPORATION,<br><br>Plaintiffs,<br><br>v.<br><br>SARAH M. LONDON, ANDREW LYNN ASHER, FREDERICK H. EPPINGER, JESSICA L. BLUME, KENNETH A. BURDICK, CHRISTOPHER J. COUGHLIN, H. JAMES DALLAS, MONTE E. FORD, THEODORE R. SAMUELS, KENNETH Y. TANJI, WAYNE S. DEVEYDT, THOMAS R. GRECO, and LORI J. ROBINSON,<br><br>Defendants,<br><br>and<br><br>CENTENE CORPORATION,<br><br>Nominal Defendant. | Case No. 1:25-cv-07058-UA |

**STIPULATION AND [PROPOSED] ORDER TO CONSOLIDATE RELATED DERIVATIVE ACTIONS, APPOINT CO-LEAD COUNSEL FOR PLAINTIFFS, AND STAY THE CONSOLIDATED ACTION**

WHEREAS, on July 31, 2025, Plaintiff Adam Franchi ("Plaintiff Franchi") filed a shareholder derivative action on behalf of nominal defendant Centene Corporation ("Centene" or the "Company") in this Court alleging causes of action for violations of Section 14(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), breach of fiduciary duties, unjust enrichment, gross mismanagement, and waste of corporate assets variously against defendants

Sarah M. London, Andrew L. Asher, Jessica L. Blume, Kenneth A. Burdick, Christopher J. Coughlin, H. James Dallas, Wayne S. DeVeydt, Frederick H. Eppinger, Monte E. Ford, Thomas R. Greco, Lori J. Robinson, Theodore R. Samuels, and Kenneth Y. Tanji, captioned *Franchi v. London et al.*, Case No. 1:25-cv-06297-ALC (the "*Franchi* Action");

WHEREAS, on August 14, 2025, Plaintiff Julian Keippel ("Plaintiff Keippel") filed a shareholder derivative action on behalf of nominal defendant Centene in this Court alleging causes of action for violations of Sections 14(a), 10(b), and 20(a) of the Exchange Act, breach of fiduciary duty, unjust enrichment, waste of corporate assets, gross mismanagement, and abuse of control against Sarah M. London, Andrew L. Asher, Jessica L. Blume, Kenneth A. Burdick, Christopher J. Coughlin, H. James Dallas, Wayne S. DeVeydt, Frederick H. Eppinger, Monte E. Ford, Thomas R. Greco, Theodore R. Samuels, and Kenneth Y. Tanji, and for contribution against Sarah M. London and Andrew L. Asher under Sections 10(b) and 21D of the Exchange Act, captioned *Keippel v. London et al.*, Case No. 1:25-cv-06737-ALC (the "*Keippel* Action");

WHEREAS, on August 26, 2025, Plaintiffs Marc Shipon, David Shipon, Judith Shipon, and Elisa Shipon-Blum (collectively, the "Shipon Plaintiffs," and all together with Plaintiff Franchi and Plaintiff Keippel, the "Plaintiffs") filed a shareholder derivative action on behalf of nominal defendant Centene in this Court alleging causes of action for violations of Sections 14(a), 10(b), and 20(a) of the Exchange Act, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, unjust enrichment, and waste of corporate assets against defendants Sarah M. London, Andrew Lynn Asher, Frederick H. Eppinger, Jessica L. Blume, Kenneth A. Burdick, Christopher J. Coughlin, H. James Dallas, Monte E. Ford, Theodore R. Samuels, Kenneth Y. Tanji, Wayne S. Deveydt, Thomas R. Greco, and Lori J. Robinson, captioned *Shipon et al. v. London et al.*, Case No. 1:25-cv-07058-UA (the "*Shipon* Action," and together with the *Franchi* Action and

the *Keippel* Action, the "Related Derivative Actions");

WHEREAS, Plaintiffs and Defendants[1] (collectively, the "Parties") agree that the Related Derivative Actions challenge substantially similar alleged conduct by a substantially similar set of Company directors and officers and involve overlapping questions of law and fact, and that the administration of justice would best be served by consolidating the Related Derivative Actions;

WHEREAS, the Parties therefore respectfully submit that the Related Derivative Actions should be consolidated pursuant to Federal Rule of Civil Procedure 42(a);

WHEREAS, in order to realize the efficiencies made possible by consolidation of the Related Derivative Actions, Plaintiffs agree that The Brown Law Firm, P.C., Rowley Law PLLC, and Rigrodsky Law, P.A., the respective resumes of which are attached hereto as Exhibits A, B, and C, shall be designated as Co-Lead Counsel representing Plaintiffs in the consolidated derivative action;

WHEREAS, the Defendants take no position regarding appointment of Co-Lead Counsel for Plaintiffs;

WHEREAS, a putative class action alleging violations of the federal securities laws against Centene and individual defendants Sarah M. London and Andrew L. Asher (collectively, the "Federal Securities Action Defendants"), based on similar facts and allegations as the Related Derivative Actions, captioned *Lunstrum v. Centene Corp. et al.*, Case No. 1:25-cv-05659-ALC (S.D.N.Y.) (the "Federal Securities Action"), is pending in this Court;

---

[1] "Defendants" refers collectively to Centene and all of the individual defendants named in the Related Derivative Actions.

WHEREAS, on August 20, 2025, Centene was served in the *Keippel* Action, and its deadline to move or otherwise respond to the Complaint in the *Keippel* Action is currently September 10, 2025;

WHEREAS, the Parties agree that the Related Derivative Actions are all related to, and involve overlapping parties and factual allegations as, the Federal Securities Action;

WHEREAS, the Parties agree that the outcome of the anticipated motion to dismiss the Federal Securities Action may help inform whether, and if so how, the Related Derivative Actions proceed;

WHEREAS, the Defendants expressly reserve all rights and defenses, except as to service of process; and

WHEREAS, the Parties agree that the interests of efficiency, effective case management, and the conservation of judicial and litigant resources would be served by temporarily staying the Action, on the terms set forth herein;

IT IS ACCORDINGLY STIPULATED AND AGREED, among the Parties through their authorized attorneys with respect to Paragraphs 1–4 and 9–16 herein, and between the Plaintiffs and their authorized attorneys with respect to Paragraphs 5–8 herein, and respectfully submitted for the Court's approval, to consolidate the Related Derivative Actions and appoint Co-Lead Counsel for Plaintiffs pursuant to the following terms:

1. To the extent they have not already been served, Defendants accept service of the complaints in the Related Derivative Actions.

2. The Related Derivative Actions are hereby consolidated for all purposes, including pre-trial proceedings and trial, under Case No. 1:25-cv-06297-ALC (the "Consolidated Derivative Action"):

| **Case Name** | **Case Number** | **Date Filed** |
|---|---|---|
| *Franchi v. London et al.* | 1:25-cv-06297-ALC | July 31, 2025 |
| *Keippel v. London et al.* | 1:25-cv-06737-ALC | August 14, 2025 |
| *Shipon et al. v. London et al.* | 1:25-cv-07058-UA | August 26, 2025 |

3. Every pleading filed in the Consolidated Derivative Action, or in any separate action included herein, must bear the following caption:

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE CENTENE CORPORATION DERIVATIVE LITIGATION | Case No. 1:25-cv-06297-ALC<br><br>(Consolidated) |

4. All papers filed in connection with the Consolidated Derivative Action will be maintained in one file under Case No. 1:25-cv-06297-ALC and all papers and documents previously filed and/or served in the Related Derivative Actions shall be deemed a part of the record in the Consolidated Derivative Action.

5. Co-Lead Counsel for plaintiffs in this Consolidated Derivative Action shall be:

**THE BROWN LAW FIRM, P.C.**
Timothy Brown
Saadia Hashmi
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net
Email: shashmi@thebrownlawfirm.net

**ROWLEY LAW PLLC**
Shane T. Rowley
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Telephone: (914) 400-1920
Fax: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

**RIGRODSKY LAW, P.A.**
Seth D. Rigrodsky
Timothy J. MacFall
Vincent A. Licata
Leah B. Wihtelin
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: vl@rl-legal.com
Email: lw@rl-legal.com

6. Plaintiffs' Co-Lead Counsel shall have the sole authority to speak for plaintiffs in all matters regarding pre-trial procedure, trial, and settlement negotiations and shall make all work assignments in such manner as to facilitate the orderly and efficient prosecution of this litigation and to avoid duplicative or unproductive effort.

7. Co-Lead Counsel shall be responsible for coordinating all activities and appearances on behalf of plaintiffs in the Consolidated Derivative Action. No motion, request for discovery, or other pre-trial or trial proceedings will be initiated or filed by plaintiffs except through Co-Lead Counsel.

8. Defendants' counsel may rely upon all agreements made with Co-Lead Counsel, or other duly authorized representatives of Co-Lead Counsel, and such agreements shall be binding on all plaintiffs in the Consolidated Derivative Action.

9. This Order shall apply to each shareholder derivative action arising out of the same, or substantially the same, transactions or events as the Consolidated Derivative Action, which is subsequently filed in, removed to, reassigned to, or transferred to this Court. When a shareholder derivative action that properly belongs as part of *In re Centene Corporation Derivative Litigation*, Case No. 1:25-cv-06297-ALC, is hereafter filed in this Court, removed to this Court, reassigned to this Court, or transferred here from another court, this Court requests the assistance of counsel in calling to the attention of the clerk of the Court the filing, removal, reassignment, or transfer of any derivative case that might properly be consolidated as part of *In re Centene Corporation Derivative Litigation*, Case No. 1:25-cv-06297-ALC, and counsel are to assist in assuring that counsel in subsequent actions receive notice of this Order. Unless otherwise ordered, the terms of all orders, rulings, and decisions in the Consolidated Derivative Action shall apply to all later substantially similar shareholder derivative actions filed in this Court, removed to this Court, reassigned to the Court, or transferred here from another court, and such actions shall be consolidated into the Consolidated Derivative Action.

10. The Consolidated Derivative Action, including all deadlines, hearings, judicial conferences, and Defendants' responses to the Complaints filed by Plaintiffs in the Related Derivative Actions and to any amended complaint filed in the Consolidated Derivative Action pursuant to Paragraph 12 herein, shall be stayed until the date ("Termination Date") that is the earlier of (a) resolution of the expected motion to dismiss in the Federal Securities Action, (b) an order of this Court lifting the stay ordered hereunder, or (c) 10 days after either Defendants or Plaintiffs provides notice to terminate via email to undersigned counsel for the other Party.

11. Defendants agree that, during the pendency of the stay:

a. Defendants will promptly notify Plaintiffs (a) if any other Centene stockholder make a litigation or books and records inspection demand ("Related Demands") related to the matters at issue in the Consolidated Derivative Action, and (2) if Defendants become aware of any additional derivative lawsuits filed in any forum that allege the same or similar conduct as that alleged in the Consolidated Derivative Action ("Additional Derivative Actions").

b. Defendants shall promptly notify Plaintiffs if an Additional Derivative Action is not stayed for a similar or longer duration as the Consolidated Derivative Action.

c. In the event that any documents are produced to any other Centene stockholder in connection with a Related Demand or Additional Derivative Action, Defendants agree to promptly produce those documents to Plaintiffs in the Consolidated Derivative Action, subject to a reasonable confidentiality agreement that permits Plaintiffs to use such documents in Plaintiffs' case.

d. If Defendants engage in mediation in the Federal Securities Action, Defendants agree to provide Plaintiffs with reasonable advance notice of any such mediation and to consider in good faith whether to include Plaintiffs in that mediation, but in the event that Plaintiffs are not included in such mediation, then Defendants will mediate with Plaintiffs at or about the same time.

e. If Defendants engage in mediation with any other plaintiff threatening or purporting to assert substantially similar claims derivatively on behalf of Centene, Defendants agree to provide Plaintiffs with reasonable advance notice of any such mediation and to consider in good faith whether to include Plaintiffs in that mediation, but in the event that Plaintiffs are not included in such mediation, then Defendants will mediate with Plaintiffs at or about the same time.

12. Notwithstanding the stay of the Consolidated Derivative Action, Plaintiffs may file an amended complaint, though Defendants shall be under no obligation to respond to it during the pendency of the stay, and any deadline to respond will be similarly stayed under the terms of this Stipulation.

13. Within twenty (20) days of the Termination Date, the Parties shall meet and confer and submit a proposed schedule to the Court, which schedule will govern Defendants' time to respond to any amended complaint filed during the pendency of the stay pursuant to Paragraph 12 herein.

14. The undersigned counsel of record for Defendants, being duly authorized to act on behalf of said Defendants, waive any and all service of process or means of service of process defects while preserving any other defenses or immunities which may otherwise be available to Defendants, including all jurisdictional defenses.

15. This Stipulation may be filed, without further notice, with the Clerk of the Court and may be executed in counterparts, and a facsimile copy of this Stipulation may be deemed an original.

16. This Stipulation is without waiver or prejudice to any and all claims, defenses, arguments, motions, or any requests for other relief that would otherwise be available to the Parties in the Related Derivative Actions or in the Consolidated Derivative Action.

September 4, 2025

**THE BROWN LAW FIRM, P.C.**

*/s/ Timothy Brown*

Timothy Brown
Saadia Hashmi
767 Third Avenue, Suite 2501
New York, NY 10017
Telephone: (516) 922-5427
Facsimile: (516) 344-6204
Email: tbrown@thebrownlawfirm.net
Email: shashmi@thebrownlawfirm.net

*Counsel for Plaintiff Keippel and [Proposed] Co-Lead Counsel for Plaintiffs*

September 4, 2025

**ROWLEY LAW PLLC**

*/s/ Shane T. Rowley*

Shane T. Rowley
Danielle Rowland Lindahl
50 Main Street, Suite 1000
White Plains, NY 10606
Telephone: (914) 400-1920
Facsimile: (914) 301-3514
Email: srowley@rowleylawpllc.com
Email: drl@rowleylawpllc.com

*Counsel for Plaintiff Franchi and [Proposed] Co-Lead Counsel for Plaintiffs*

September 4, 2025

**RIGRODSKY LAW, P.A.**

*/s/ Seth D. Rigrodsky*
Seth D. Rigrodsky
Timothy J. MacFall
Vincent A. Licata
Leah B. Wihtelin
825 East Gate Boulevard, Suite 300
Garden City, NY 11530
Telephone: (516) 683-3516
Facsimile: (914) 301-3514
Email: sdr@rl-legal.com
Email: tjm@rl-legal.com
Email: vl@rl-legal.com
Email: lw@rl-legal.com

*Counsel for the Shipon Plaintiffs and [Proposed] Co-Lead Counsel for Plaintiffs*

September 4, 2025

**DAVIS POLK & WARDWELL LLP**

*/s/ James P. Rouhandeh*
James P. Rouhandeh
Antonio J. Perez-Marques
Patrick W. Blakemore
Marie Killmond
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4835
Facsimile: (212) 701-5835
rouhandeh@davispolk.com
antonio.perez@davispolk.com
patrick.blakemore@davispolk.com
marie.killmond@davispolk.com

*Attorneys for Defendants*

**IT IS SO ORDERED** this _______ day of _________________________ 2025

_______________________________________
UNITED STATES DISTRICT JUDGE